**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-41418
Conference Calendar

DENISE STOCKTON BELL,

Plaintiff-Appellant

versus

OFFICE OF THE COUNTY ATTORNEY,
COUNTY OF NUECES, TEXAS; ET AL.

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CV-496

October 28, 1998

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

Per Curiam[*]

Plaintiff-Appellant Denise Stockton Bell appeals the district court's remand to Texas state court of a case she had removed after filing it in the state court as plaintiff. The district court remanded the case to the state court where Bell had originally filed it because Bell grounded her removal from state court in the substance of 28 U.S.C. § 1443, which applies to cases in which the defendant (<u>not</u> the plaintiff) "is denied or cannot enforce in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

courts of State a right under any law providing for the equal civil rights of citizens of the United States, or for all persons within the jurisdiction thereof" or "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443. Not only is Bell precluded from removing under § 1443, because only a <u>defendant</u> is entitled to such removal; she is also precluded because she did not –– and presumably could not –– allege racial discrimination, another prerequisite for removal under § 1443. <u>See</u> <u>Texas v. Gulf Water Benefaction Co.</u>, 679 F.2d 85, 86 (5th Cir. 1982). <u>See also</u>, <u>McKenzie v. United States</u>, 678 F.2d 571, 574 (5th Cir. 1982).

Although the district court did not cite 28 U.S.C. § 1447(c), its remand to state court appears to be grounded in a defect in removal procedure, which is not reviewable on appeal or otherwise. <u>Things Remembered, Inc. v. Petrarca</u>, 516 U.S. 124, 127-28 (1995); <u>Hook v. Morrison Milling Co.</u>, 38 F.3d 776, 780 (5th Cir. 1994); <u>see also</u>, <u>In Re: Allstate Ins. Co.</u>, 8 F.3d 219, 221 (5th Cir. 1993), and <u>McKenzie</u>, 678 F.2d at 574 (suggesting that removal by plaintiff is matter involving whether removal procedure was proper and not whether district court had subject matter jurisdiction). Accordingly, Bell's appeal is DISMISSED.

2